# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**ANDREW GUTIERREZ, *ET AL.*,**

    **Plaintiffs,**

**vs.**                                                                                  **CIVIL ACTION NO. 5:19-CV-00369**

**MIKE HORTON, *ET AL.*,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Plaintiffs' Application to Proceed *in Forma Pauperis*, filed on May 10, 2019. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding in forma pauperis at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

In their Complaint[2], filed on May 10, 2019 (ECF No. 4), Plaintiffs[3] do not indicate any basis for this Court's jurisdiction however, they assert claims for "tort" and "trespass". Plaintiffs list numerous defendants, including:

---

[1] Because Plaintiffs are proceeding *pro se*, the documents they have filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[2] The undersigned directed the Clerk to file the Complaint and the attached Exhibit (ECF No. 5) under seal and to file a redacted copy of the Complaint for public access because Plaintiffs included the names of minor children in the Complaint and the Exhibit contained photographs of the minor children. (ECF No. 2)

[3] Plaintiffs also provide "Notice to Officers of the Court: Upon penalty for 'Trespass upon the Case': This is a common law suit in a 'Court of Record': 1) the style in which this Claim is made may not be altered in any way and; 2) at no time does 'Claimant' consent to be restyled as a 'Plaintiff'; or other; 3) or to have this 'Claim' be restyled as a

1

Mike Horton; a man; and MIKE HORTON, A PERSON; DHHR DFCS DIRECTOR OF CPS; and Tiffani Dixon; a woman; and; TIFFANY DIXON; A PERSON; DHHR DFCS CASEWORKER OF CPS; and; Harry L. Kirkpatrick III; a man; and; HARRY L. KIRKPATRICK III; A PERSON; JUDGE OF THE TENTH JUDICIAL CIRCUIT; and; William F. Richmond Jr.; a man; and; WILLIAM F. RICHMOND JR.; A PERSON; ASSISTANT PROSECUTING ATTORNEY; and; Patrick Morrisey; a man; and; PATRICK MORRISEY; A PERSON; ATTORNEY GENERAL; and; Amber Warden; a woman; and; AMBER WARDEN; A PERSON; DHHR DFCS CASEWORKER OF CPS; and; Kim Pauley; a woman; and; KIM PAULEY; A PERSON; DHHR DFCS CASEWORKER OF CPS; and; Coleen Brown-Bailey; a woman; and; COLEEN BROWN-BAILEY; A PERSON; GUARDIAN AD LITEM; and; Kelly Estep; a woman; and; KELLY ESTEP; A PERSON; DHHR DFCS CASE MANAGER OF CPS; and; All Principals and/or Agents of DHHR DFCS CPS; Lawfully served by way of Notice to Mike Horton; and; Each Unnamed Wrongdoer (1-99); and EACH UNNAMED DEFENDANTS (1-99).[4]

Plaintiffs complain that "[w]e gave no entity known as Child Protective Services or any of its agents the right to administer our property." Plaintiffs explicitly state that the minor children, A.V. and L.V., described as "Exhibit A" and "Exhibit B" are "our property." Plaintiffs "want our property returned to us" to be "totally under our control within 14 days." Plaintiffs further state that they "will charge the wrongful holders of said property $.20 per second each from the day said property was taken starting from the 20th of February, 2019 until the property is returned on or before the 22nd day after receiving this summons and suit and $1.00 per second any days after the 22nd day after receiving this summons and suit." Plaintiffs assert that additional charges will incur for any "damages to said property" which includes, but is not limited to "death, rape, mental, emotional, religious and physical damages."

## THE STANDARD

Because Plaintiffs have applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See

---

'Complaint'[.]" Nevertheless, for the sake of simplicity, the undersigned employs the terms "Complaint", "Plaintiffs", and "Defendants" throughout this Proposed Findings and Recommendation.
[4] The Defendants named herein are *verbatim* and in the original format as provided by Plaintiffs' Complaint.

2

Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[5], liberal construction "does not require

---

[5] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

3

courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[6]

---

[6] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

As noted *supra*, Plaintiffs allege no basis for this Court's jurisdiction, but instead simply assert that their children or "property" was ostensibly taken by child protective services in Raleigh County, West Virginia, and have provided the names of individuals that appear to be involved in an abuse and neglect proceeding pending in the Raleigh County Circuit Court. Section 1332 requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W.Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (D.C.W.Va. 1983). Plaintiffs acknowledge that they are residents of West Virginia. (ECF No. 4) Plaintiffs do not mention the residencies of each Defendant named herein, however, the most liberal construction of their Complaint suggests that each Defendant is a resident of West Virginia. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

---

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Construing the Complaint liberally, the Court can consider Plaintiffs' Complaint as an attempt to proceed under Section 1331 as they appear to contend that they were denied due process by Defendants having taken their children or "property" in February 2019, resulting in a legal proceeding in the Raleigh County Circuit Court.[7] Nevertheless, the undersigned finds that Plaintiffs' Complaint is improper and should be dismissed for a number of reasons as explained *infra*.

Rule 8 of the Federal Rules of Civil Procedure:

Plaintiffs are required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

 (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
 (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
 (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs' Complaint does not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed Plaintiffs' Complaint and its accompanying Exhibit, the undersigned believes they are suing agents of the Department of Health and Human Resources ("DHHR") involved in child protective services as well as others[8] in an abuse and neglect proceeding[9] in the Raleigh Court Circuit Court because two minor children were removed from their custody and care. However, Plaintiffs only provide "naked assertion[s]"

---

[7] As an initial matter, the undersigned is unaware of any jurisprudence concerning Section 1983 claims where a child is considered a "property" interest subject to constitutional protection. However, a liberal interpretation of Plaintiffs' Complaint suggests that Plaintiffs' claims concern violations of their liberty interests to "retain custody over and care of their children, and to rear their children as they deem appropriate." See Jordan by Jordan v. Jackson, 15 F.3d 333, 342-343 (4th Cir. 1994) (citing collection of cases).
[8] Circuit Court Judge Harry L. Kirkpatrick, Assistant Prosecuting Attorney William F. Richmond, and Coleen Brown-Bailey, guardian *ad litem*.
[9] Pursuant to W. Va. Code § 49-4-601, *et seq*.

which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45–46 (1957).

Plaintiffs do not allege any specific facts with respect to any of the named Defendants that support any claim for which Plaintiffs would be entitled to relief. Moreover, Plaintiffs' Complaint is not salvageable even if they were permitted to amend their Complaint in the spirit of Denton v. Hernandez, *supra*.

Younger-Abstention Doctrine:

Based on Plaintiffs' own allegations that the minor children or "property" were removed on February 20, 2019 and that there appears to be some ongoing proceedings with respect to the children's removal in State court, this Court should abstain from exercising subject matter jurisdiction over Plaintiffs' claims based upon the Younger-abstention doctrine. See Younger v.

Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention has been extended to civil litigation brought by the state to vindicate its policies. Huffman v. Pursue, Ltd., 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. Moore, 442 U.S. at 423, 99 S.Ct. 2371 (applying Younger to state-initiated custody litigation).

The undersigned finds that the Younger abstention doctrine may apply in the instant case,

as there is no indication in Plaintiffs' Complaint that the Circuit Court of Raleigh County of West Virginia has concluded the State-initiated custody proceedings. Indeed, the fact that Plaintiffs' Complaint sounds in tort and clearly asserts that their children or "property" have yet to be returned to their "total control" strongly suggests that the State court proceedings have not concluded. Indeed, Plaintiffs claim that the children were taken fairly recently, in February 2019. Further, Plaintiffs provide no grounds that support any of the enumerated Nivens exceptions to the Younger mandate; Plaintiffs fail to show improper prosecution against them in State court, or any facts supporting a claim for unreasonable harassment that comports with the bad faith exception. In sum, Plaintiffs' claims are mere conclusory allegations against these Defendants and should therefore be dismissed.

Domestic Relations Exception:

Alternatively, the undersigned finds that the "domestic relations exception" to federal jurisdiction may also apply to Plaintiffs' claims to the extent that they are essentially asking this Court to invalidate a State Court's order regarding the removal of their children from their home, i.e., a child custody decree. See Ankenbrandt v. Richards, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Barber v. Barber, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In Ankenbrandt, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 703-704, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to

> handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. As stated *supra*, to the extent that Plaintiffs appear to be requesting this Court to override the Raleigh County Circuit Court's order regarding the removal of their children from their home, the undersigned recommends that the District Court invoke the domestic exception and dismiss the case for lack of subject matter jurisdiction.

On the other hand, assuming Plaintiffs raise a federal question or assert diversity of citizenship, it is noted that the domestic relations exception does not undermine federal question jurisdiction where it otherwise exists. Reale v. Wake County Human Services, No. 12-1045, 2012 WL 1564161, *1 (4th Cir. 2012) (unpublished opinion). "The exception is statutory, not constitutional, in nature, and derives from construction of the diversity jurisdiction statute." Id. Therefore, the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has not generally recognized application as a limitation on federal question jurisdiction." United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997). Jurisdiction in this case is founded on federal question, i.e., 42 U.S.C. § 1983. Because diversity of citizenship does not exist, the domestic relations exception is not implicated. See Reale, 2012 WL 1564161 at *1 (holding that because complaint brought pursuant to 42 U.S.C. § 1983 was "based on federal question jurisdiction, not diversity of citizenship, the domestic relations exception does not limit the district court's jurisdiction over it."). If assuming that Plaintiffs raise their claim as one of due process due to the alleged removal of their children, or "property", which can be construed as a Section 1983 claim, then this provides the basis of this Court's jurisdiction. Nevertheless, as explained *supra*, because Plaintiffs allegations indicate that the State court proceeding is still

pending and that they have not yet regained custody of their children, this Court should still abstain from exercising jurisdiction pursuant to the Younger doctrine.

      Judicial, Prosecutorial and Other Immunities:

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 20 L. Ed. 646 (1872)." Imbler v. Patchman, 424 U.S. 409, 419 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." Jackson v. Houck, 181 Fed.Appx. 372, 372 (4th Cir. 2006) (*quoting* Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

Even given the most liberal of construction of the scant allegations contained in the Complaint, the undersigned finds that Judge Kirkpatrick is absolutely immune from suit. Plaintiffs appear to argue that Judge Kirkpatrick, along with all the other named and unnamed Defendants, acted in concert to violate their "right to administer our property" by removing minor children from their control. In West Virginia, Circuit Court Judges have jurisdiction over abuse and neglect proceedings pursuant to W. Va. Code § 49-4-601, *et. seq.* Because judges have absolute immunity for their judicial acts, Plaintiffs' claims against Judge Kirkpatrick must be dismissed.

Additionally, as Plaintiffs have also asserted their claims, again without specification, against Coleen Brown-Bailey, guardian *ad litem*, presumably, this Defendant has been or continues to act as guardian *ad litem* in the proceedings before Judge Kirkpatrick. Guardians *ad litem* are entitled to the absolute bar of quasi-judicial immunity for acts within a judicial role. See Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994). There is no indication in Plaintiffs Complaint that Coleen Brown-Bailey has acted outside her judicial role and there are simply no facts alleged that specify any act or misconduct she committed against Plaintiffs. In short, not only does Coleen Brown-Bailey enjoy immunity from liability and damages in her capacity as guardian *ad litem*, but also because Plaintiffs fail to state a claim against this Defendant upon which relief can be granted, this Defendant should be dismissed from this suit.

As Plaintiffs have asserted claims against William F. Richmond, Jr., who they have described as "Assistant Prosecuting Attorney" and presumably involved in the State court action, this Defendant enjoys absolute prosecutorial immunity against Plaintiffs' assumed Section 1983 claims. See Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Alternatively, even if this Defendant is not entitled to absolute immunity, he appears entitled to qualified immunity from all of Plaintiffs' claims, which would include his administrative and investigative functions as a state prosecutor. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993). As Plaintiffs have also failed to state a claim against this Defendant upon which relief can be granted given the scarcity of allegations against him specifically, this Defendant should be dismissed as well.

With regard to the numerous Defendants who Plaintiffs describe as case workers, managers, directors or otherwise agents of the DHHR, again, given Plaintiffs' *de minimis* factual allegations against these Defendants, they have failed to state a claim against them upon which relief can be granted. Additionally, it would appear that these Defendants also enjoy at least

qualified immunity from Plaintiffs' claims. Qualified immunity shields public officials from personal liability for performance of their official duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995). The Fourth Circuit has held that social workers may assert qualified immunity in appropriate circumstances. See Hodge v. Jones, 31 F.3d 157, 162 (4th Cir. 1994) (citing Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993)), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).

Though the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process", this is "neither absolute nor unqualified." See Hodge, 31 F.3d at 163. Further, it is also known that a state has a legitimate interest in protecting children from abuse and neglect and investigating situations that give rise to abuse and neglect. See Renn v. Garrison, 100 F.3d 344, 349-350 (4th Cir. 1996). The "right to familial integrity is 'amorphous' in many cases" Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 506 (4th Cir. 2003) (quoting Hodge, 31 F.3d at 164), "[t]he contours of the right to familial integrity may not be 'sufficiently clear' in certain situations, to be deemed 'clearly established' as required." Id. (citing Renn, 100 F.3d at

13

349)(internal citations omitted). Therefore, a public official will not be held liable for "bad guesses in gray areas" where parental rights are concerned. Id. (quoting Maciariello v. City of Lancaster, 973 F.2d 295, 298 (4th Cir. 1992), cert. denied, 506 U.S. 1080, 113 S.Ct. 1048, 122 L.E.2d 356 (1993).

Because Plaintiffs fail to establish facts indicating that these DHHR agents engaged in any intentional misconduct, let alone any negligent conduct[10], resulting in the removal of the minor children, and further assuming Plaintiffs are asserting a Section 1983 claim, this claim fails and these Defendants are entitled to qualified immunity. See, generally, Martin, 346 F.3d at 507.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiffs' Application to Proceed in Forma Pauperis (ECF No. 1), **DISMISS** Plaintiffs' Complaint (ECF No. 3,4) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[10] Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: May 20, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge