# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

ANDREW GUTIERREZ, et al.,

        Plaintiffs,

v.                                                        CIVIL ACTION NO. 5:19-cv-00369

MIKE HORTON, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Andrew Gutierrez and Bonnie Valigura, filed a pro-se Complaint (Documents 3 & 4) on May 10, 2019. They assert that the Defendants, primarily state officials and employees associated with the Department of Health and Human Resources, wrongfully took their minor children. They seek monetary damages and the return of their "property." By *Standing Order* (Document 6) entered on May 10, 2019, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendation for disposition. In a *Proposed Findings and Recommendation* (PF&R) (Document 7) entered on May 20, 2019, Judge Aboulhosn recommend that the Court deny the Plaintiffs' Application to Proceed *in Forma Pauperis* (Document 1), dismiss the Plaintiffs' complaint, and remove the matter from the Court's docket. The Plaintiffs filed a document docketed as objections (Document 8), a *Notice to Amend Claim* (Document 9), a *Notice to Stay* (Document 16) and several additional notices, motions, and letters. The Court has reviewed the PF&R, the complaint, the objections, and all additional filings. For the reasons stated herein, the Court finds that the PF&R should be adopted.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The PF&R provides the following summation of the Plaintiffs' claims: they "assert that their children or 'property' was ostensibly taken by child protective services in Raleigh County, West Virginia, and have provided the names of individuals that appear to be involved in an abuse and neglect proceeding pending in the Raleigh County Circuit Court." (PF&R at 5.) Judge Aboulhosn explains that they do not allege a basis for federal jurisdiction, and there does not appear to be complete diversity between the parties. To the extent the complaint could be construed as presenting a due process claim, he concludes that the Court lacks jurisdiction. Judge Aboulhosn explains that federal question jurisdiction is not appropriate because *Younger* abstention likely applies to the ongoing state custody proceedings. In addition, several defendants

are entitled to judicial or prosecutorial immunity, and the complaint does not contain sufficient factual allegations to state a claim against any defendant.

The document docketed as objections contains various assertions as to the Plaintiffs' preferred form of address and favored terminology. It does not address any of the factual findings or legal conclusions contained in the PF&R. The notice to amend adds additional Defendants but does not contain additional factual allegations or otherwise alter the claims. A document titled "Exhibit 1" (Document 11) contains a series of quotations or excerpts from cases and statutes, with no further explanation or attempt to connect those cases to the Plaintiffs' claims. The remaining filings consist of photographs of the Plaintiffs' children and procedural proposals. Because the Plaintiffs did not point the Court to any specific error in the PF&R, the Court finds that de novo review is not required.

In the notice to stay, which was filed after the objections, notice to amend, "exhibit" and photographs, the Plaintiffs indicate that they are not prepared to move forward due to personal and financial obligations. Given the nature of the claims, the Court finds that a stay is unwarranted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' Objections (Document 8) be **OVERRULED** and that the Magistrate Judge's PF&R (Document 7) be **ADOPTED**. The Court further **ORDERS** that the Plaintiff's Complaint (Documents 3 & 4) be **DISMISSED**, that all pending motions be **TERMINATED AS MOOT**, and that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 3, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA